IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Ross A. Fiorani,<br>    Plaintiff,<br><br>-v-<br><br>Navy Federal Credit Union, *et al.*,<br>    Defendants. | Civil No. 1:15-cv-667<br><br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on motions to dismiss filed by defendants Robert Berger, Karen Compher, Fairfax County Police Department ("FCPD"), Officer Feigleson, and Navy Federal Credit Union ("Navy Federal") (Dkt. Nos. 7,[1] 10, 12, 16); and plaintiff's objection to removal. (Dkt. No. 21). The defendants have waived a hearing on the motions. (Dkt. No. 22). The Court also finds that a hearing is unnecessary as it would not aid in the decisional process.

### I. Background

This Court dismissed Fiorani's prior related action on April 14, 2015. Case No. 15cv291 (Dkt. No. 37). Fiorani immediately appealed the order of dismissal to the United States Court of Appeals for the Fourth Circuit, which appeal is currently pending.

On or about April 27, 2015, roughly two weeks after Fiorani appealed this Court's dismissal of his claims, he filed another complaint in the Circuit Court of Fairfax County against

---

[1] Defendant Navy Federal originally filed a motion to dismiss (Dkt. No. 3) that was withdrawn and replaced with a corrected motion to dismiss.

1

FCPD, Officer Feigleson, Navy Federal, Robert Berger, Karen Compher, SIA, and Thema Scott.[2] The defendants removed the case to this Court.[3]

## II. Motions to Dismiss

At the outset, the Court notes that the complaint states in capital letters on the front page that the action has been "REMANDED FROM FEDERAL COURT ON ORDER OF COURT." The Court is unaware of any federal court order remanding Fiorani's case to state court. This Court's prior order dismissing Fiorani's claim stated the following:

> Although plaintiff is barred from re-filing any of the claims currently found in his complaint, plaintiff is not precluded from filing other claims arising out of the repossession of his vehicle against Navy Federal, SIA, and/or the individual defendants, provided that he presents sufficient facts to support any new claims. For example, plaintiff's current complaint does not state a claim for conversion, and plaintiff may file such a claim in state court if he can do so in good faith. However, plaintiff may not bring any further claims arising out of the repossession of his vehicle against FCPD or Officer Feigleson.

Case No. 15cv291, Order at 6 (Dkt. No. 37).

Thus, this Court anticipated that Fiorani may be able to file future claims in state court in accordance with the order, but the case certainly was not remanded to state court. Rather, the Court granted the motions to dismiss. For the reasons that follow, the Court grants the motion to dismiss the instant complaint as well.

Plaintiff has again sued defendants FCPD and Officer Feigleson over the repossession of his vehicle in violation of the Court's order. The Court therefore dismisses the instant action against those defendants for the reasons stated in the Court's prior Order.

The Court has already dismissed with prejudice many of the claims in the instant complaint: conspiracy claims in Count 1; claims under 42 U.S.C. § 1983 in Count 2; fraud

---

[2] Fiorani then filed an amended complaint, but it does not appear that the amended complaint was the operative complaint in the state court action at the time of removal. Moreover, the amended complaint is substantially similar to the original complaint and does not change the Court's disposition of the instant motions.

[3] Defendants SIA and Thema Scott have not filed any motions or notices of appearance in this action.

2

claims in Count 4; fraudulent misrepresentation claims in Count 7; and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 claims in Count 8. These claims are dismissed for the reasons discussed in the Court's prior order.

The only remaining federal claims in this action are the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p claims in Count 6. The Court finds that Navy Federal and its employees are not debt collectors pursuant to the FDCPA. *See, e.g., Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010) (holding that creditors are not "debt collectors" under the FDCPA) (citations omitted). The complaint alleges that Navy Federal repossessed Fiorani's car in satisfaction of a debt allegedly owed to Navy Federal. The FDCPA claims are accordingly dismissed with prejudice.

Having dismissed all of the federal claims in this action, the Court declines to exercise jurisdiction over any remaining state law claims. It does not appear that the requirements of diversity jurisdiction are satisfied in this case, nor have the defendants raised the diversity statute, 28 U.S.C. § 1332, as a basis of jurisdiction for removal.

The exercise of supplemental federal jurisdiction over state law claims in a case with no federal jurisdiction, such as this one, is discretionary. *See, e.g., Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175, 184-185 (D. Md. 2011); 28 U.S.C. § 1367(c)(3). *See also Parker v. Austin*, No. 5:14cv35, 2015 WL 1925505, at *10 (W.D. Va. Apr. 28, 2015) ("Supplemental jurisdiction is discretionary, and a district court may decline to exercise this jurisdiction if it has dismissed all claims over which it has original jurisdiction") (citation and internal quotation marks omitted). The court may consider factors such as judicial economy, convenience to the parties, and fundamental fairness. *Lang*, 274 F.R.D. at 185 (citations omitted).

The only remaining state law claims that have not been previously dismissed by this Court are the conversion and tortious interference claims in Counts 3 and 5 of the instant complaint. Considering the factors listed above, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### III. Objection to Removal

Plaintiff has filed an objection to removal of the case to federal court.[4] The stated ground for the objection is alleged judicial corruption and misconduct by the undersigned judge and other judges in the Eastern District of Virginia. Because these allegations are totally without merit, the objection to removal is denied.

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1. The motions to dismiss (Dkt. Nos. 7, 10, 12, 16) are GRANTED in part;

2. Navy Federal's withdrawn motion to dismiss (Dkt. No. 3) is DENIED as moot;

3. All of the claims in plaintiff's complaint are DISMISSED;

4. FCPD and Officer Feigleson are DISMISSED with prejudice as defendants in this action;

5. The claims of conspiracy (Count 1), violations of 42 U.S.C. § 1983 (Count 2), fraud (Count 4), violations of the FDCPA (Count 6), fraudulent misrepresentation (Count 7), and violations of RICO (Count 8) are DISMISSED with prejudice. Plaintiff is DIRECTED that he must not refile claims that have been dismissed with prejudice, or he may be subject to sanctions in the future;

---

[4] The Court also notes that before Fiorani filed an objection to removal, he filed a notice of appeal. (Dkt. No. 19). The notice of appeal was premature, as the Court had not yet issued a final order—or indeed, any order at all—in this action.

4

6. The claims for conversion (Count 3) and tortious interference (Count 5) are DISMISSED without prejudice. The Court notes that the claims are not being remanded to state court. It is merely the case that plaintiff may refile Counts 3 and 5 in state court;

7. Plaintiff's objection to removal (Dkt. No. 21) is DENIED.

The Clerk is directed to forward a copy of this order to the pro se plaintiff.

Date: June 19, 2015
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge